People v Gulotta (2023 NY Slip Op 51385(U))

[*1]

People v Gulotta (Kristy)

2023 NY Slip Op 51385(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2022-210 N C

The People of the State of New York, Respondent,
against
Kristy Gulotta, Appellant. 

Kristy Gulotta, appellant pro se.
Nassau County Attorney (Robert F. Van der Waag of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Joseph J. Calabrese, J.H.O.), entered February 15, 2022. The judgment, after a nonjury trial, imposed a $50 civil liability, plus $100 in administrative fees, upon defendant as the owner of a vehicle which had failed to stop at a red light.

ORDERED that the judgment is affirmed, without costs.
This action was commenced to impose civil liability upon defendant as the owner of a vehicle which had been recorded by a camera as having failed to stop at a red light before making a right turn at the intersection of Merrick Road and Hicksville Road in violation of Vehicle and Traffic Law § 1111 (d) (see Local Law No. 12-2009 of the County of Nassau; Vehicle and Traffic Law § 1111-b). At a nonjury trial, the People entered into evidence a technician's certificate certifying the violation of Vehicle and Traffic Law § 1111 (d), and stating that, based upon a search of the license plate number in the Department of Motor Vehicle records, the vehicle was registered to defendant. The People also entered into evidence photographs of defendant's vehicle, including a photograph of the license plate, as well as a video of defendant's vehicle making a right turn at the intersection on a red light without stopping. Defendant's son testified that he operated his mother's vehicle on the day of the incident. He alleged that the photograph of the license plate was blurry, and that the digits were unclear. Defendant's son admitted that the license plate number that was written on the notice of liability matched the license plate number on his mother's vehicle. The court found defendant liable and imposed a civil liability upon her in the sum of $50, plus a $45 driver responsibility fee, and a $55 public safety fee.
While defendant contends on appeal that the notice of liability should have been dismissed on the ground that the image of the license plate was unclear, we find that the license plate number was legible in the photograph of the rear of the offending vehicle that was admitted [*2]into evidence at trial. Based upon defendant's son's admission at trial regarding defendant's license plate number, it is apparent that the vehicle pictured in the notice of liability was registered to defendant. Further, the technician's certificate and video constitute prima facie evidence of a violation of Vehicle and Traffic Law § 1111 (d) (see Vehicle and Traffic Law § 1111-b [d]; People v Braunstein, 45 Misc 3d 127[A], 2014 NY Slip Op 51457[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Graifman, 38 Misc 3d 137[A], 2013 NY Slip Op 50174[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]), and defendant has not refuted this evidence.
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023